1  REX DARRELL BERRY, State Bar No. 110219
   SCOTT M. PLAMONDON, State Bar No. 212294
2  BERRY & BLOCK LLP
   2150 River Plaza Drive, Suite 415
3  Sacramento, CA 95833
   Telephone:  (916) 564-2000
4  Facsimile:  (916) 564-2024

5  Attorneys for Plaintiff UMPQUA BANK

6
   DAN MARMALEFSKY (CA SBN 95477)
7  MORRISON & FOERSTER LLP
   555 West Fifth Street
8  Los Angeles, California  90013-1024
   Telephone: 213.892.5200
9  Fax: 213.892.5454

10 WILLIAM D. JANICKI (CA SBN 215960)
   MORRISON & FOERSTER LLP
11 400 Capitol Mall, Suite 2600
   Sacramento, California  95814-4428
12 Telephone: 916.448.3200
   Fax: 916.448.3222
13
   Attorneys for Defendant
14 WOODBURY FINANCIAL SERVICES, INC.

15
                  UNITED STATES DISTRICT COURT
16
              FOR THE EASTERN DISTRICT OF CALIFORNIA
17

18 | UMPQUA BANK, | CASE NO. 2:06-CV-01892-WBS-EFB |
   |---|---|
19 | Plaintiff, | **STIPULATION AND ORDER TO LIMIT DISCOVERY, TO LIMIT ISSUES IN** |
20 | v. | **DISPUTE AT TRIAL, AND FOR DISMISSAL WITH PREJUDICE OF** |
21 | WOODBURY FINANCIAL SERVICES, INC., | **PLAINTIFF'S CLAIMS FOR RELIEF FOR:** |
22 | Defendant. | **1. Breach of Implied Covenant of Good Faith and Fair Dealing;** |
23 |  | **2. Declaratory Relief;** |
   |  | **3. Unlawful and Unfair Business Practices; and** |
24 |  |  |
   |  | **4. Intentional Interference with Prospective Economic Advantage** |
25 |  |  |
26 |  | Date:   June 20, 2007 |
   |  | Time:   10:00 a.m. |
27 |  | Dept:   Court Room 25, 8th Floor |
   |  | Judge:  Edmund F. Brennan |
28

1

Plaintiff Umpqua Bank ("Umpqua") and Defendant Woodbury Financial Services, Inc. ("Woodbury"), by and through their counsel of record, hereby stipulate and agree as follows:

1. This litigation involves a contractual dispute regarding whether Woodbury breached any obligations owed under the provisions of a Third Party Brokerage Arrangement entered between the parties on or about July 22, 2003 ("TPBA"). Under the TPBA, Woodbury was to pay Western Sierra National Bank, now Umpqua, commissions for certain financial services transactions entered into by Registered Representatives of Woodbury who were also employees of Western Sierra.

2. Woodbury has filed a motion to compel discovery from Umpqua that is set for hearing on June 20, 2007 before Magistrate Judge Edmund F. Brennan.

3. The parties are currently participating in settlement negotiations. They agree that the only issues remaining in dispute in this matter relate to two transactions performed by Kereti Tuioti described in Exhibit A, attached hereto, and are identified as follows:

    a. Whole life case in 2005 split with Sylvia Chin in the amount of $30,338.32.

    b. Whole life case in 2006 split with Kris Zurinsky in the amount of $15,479.19.

4. Accordingly, the parties hereby agree that only the transactions described in paragraph 3 above shall be considered at trial in determining the balance of any monies owed by Woodbury to Umpqua, if any, resulting from unpaid commissions due to Umpqua pursuant to the terms of the TPBA.

5. Therefore, the remaining claim to be tried between the parties is Umpqua's Breach of Contract claim for commission payments. Umpqua's Breach of Contract claim is limited to whether or not the transactions described in paragraph 3 above fall under the TPBA. All other claims or causes of action by Umpqua against Woodbury are hereby dismissed with prejudice, including Umpqua's claims for breach of implied covenant of good faith and fair dealing, declaratory relief, unlawful and unfair business practices, and intentional interference with prospective economic advantage.

6. Pursuant to the terms of this Stipulation, Woodbury hereby withdraws the discovery it has served, as well as any motions relating thereto including its motion to compel discovery from Umpqua set for hearing June 20, 2007.

7. Umpqua shall not rely upon or introduce at trial any documents not produced to Woodbury by the discovery deadline set by the court.

8. The parties reserve the right to conduct future depositions in this matter until the discovery deadline set by this court.

IT IS SO STIPULATED.

DATED:  June 19, 2007          BERRY & BLOCK LLP


By:   /s/Rex Darrell Berry
        REX DARRELL BERRY

Attorneys for Plaintiff UMPQUA BANK

DATED:  June 18, 2007          MORRISON and FOERSTER LLP


By:   /s/William Janicki
        WILLIAM D. JANICKI

Attorneys for Defendant WOODBURY FINANCIAL SERVICES, INC.

IT IS SO ORDERED:[1]

Dated:  June 20, 2007.

_____
Magistrate Judge, Edmund F. Brennan

---

[1] The above stipulation regarding discovery is approved and so ordered.   Paragraph 5 of the stipulation includes a stipulated dismissal of claims other than those specified in paragraph 3.  Although the parties' stipulation to dismiss claims is self-effectuating upon filing of the dismissal, *see* Fed. R. Civ. P. 41(a)(1)(ii), the clerk shall note that partial dismissal of claims on the docket.